IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:23-cr-78 (EWH)

MICHAEL ANDREW WIDROFF

TO:   The Honorable Fernando Galindo
      Clerk, United States District Court,
      and
      All parties of record.

## DEFENDANT MICHAEL ANDREW WIDROFF'S BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS OF JUNE 7, 2023

COMES NOW the defendant, Michael Andrew Widroff, by counsel, and, as and for his Brief In Support of Motion to Suppress Statements of June 7, 2023, respectfully states as follows:

### PERTINENT FACTS

On June 7, 2023, the defendant was arrested in the City of Norfolk in connection with a Criminal Complaint issued by this Court, alleging certain violations of the United States Code involving allegations of attempted production of child pornography, attempted coercion of a minor, and the attempted transfer of obscene materials involving a minor.

Shortly after his arrest, the defendant was subjected to custodial interrogation by agents of the Naval Criminal Investigative Service ("NCIS").

After purportedly being given his *Miranda* warnings, the defendant then purportedly waived his rights, and made incriminating statements to the agents. Such statements allegedly include admissions prior to the administration of a polygraph test, admissions made during the polygraph test, and post-test admissions.

For the reasons stated in defendant's attendant Motion filed contemporaneously herewith, as well as for the additional reasons stated below, the defendant respectfully submits that his above-described statements must be suppressed.

## ARGUMENT

### I.

### THE GOVERNMENT IS UNABLE TO CARRY ITS HEAVY BURDEN TO DEMONSTRATE THAT THE DEFENDANT'S PURPORTED WAIVER OF HIS MIRANDA RIGHTS WAS KNOWING AND INTELLIGENT.

The defendant anticipates that the United States will rely upon its assertion that the defendant was properly Mirandized, and then subsequently, knowingly and intelligently, waived his rights, voluntarily making incriminating statements.

On the other hand, the defendant respectfully contests that the Government can establish a proper waiver under the facts and circumstances of this case, and respectfully calls upon the Government to carry its burden of proving a knowing and intelligent waiver.

In *Miranda v. Arizona*, 384 U.S. 436, 475 (1966), the Court placed the burden of establishing a valid waiver by a defendant in custody squarely on the Government, holding:

> [A] heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Escobedo v. Illinois*, 378 U.S. 478, 490, n. 14. This Court has always set high standards of proof for the waiver of constitutional rights, *Johnson v. Zerbst*, 304 U.S. 458 (1938), and we reassert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place, and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders.

(emphasis added).

The defendant expects to produce evidence at a suppression hearing that at the time

2

of the defendant's purported waiver, the defendant was suffering from certain mental health diagnoses that can interfere with a person's ability to make a knowing and intelligent waiver of a constitutional right. Indeed, the defendant is currently under active psychiatric care at the Western Tidewater Regional Jail with a diagnosis of bipolar disorder 2. Given the nature and timing of such diagnosis, it is reasonable to expect that at the time of the defendant's purported waiver on June 7, 2023, he was also likely suffering from this same mental health entity, with potential symptomatic manic features at the time. Moreover, as reflected in the Pretrial Services Report filed with the Court on June 13, 2023, at p. 4 thereof, less than a week after the defendant's purported waiver the defendant confirmed previous diagnoses for "impulse control, major depressive disorder, and adjustment disorder." Furthermore, after entering the military, the defendant reported that he "sought mental health treatment due to stress," and that in 2021 he was seen by a psychiatrist who was a therapist and that "the defendant was also having sessions with a clinical therapist." The defendant was medicated with psychotropics during that time.

Additionally, just prior to the defendant's custodial interrogation and purported waiver, the defendant had been significantly sleep deprived and was experiencing, again, stress-related symptoms.

Given the foregoing history and circumstances, the defendant respectfully objects to the admission of the purported statements resulting from the June 7 interrogation, on the ground that the Government will be unable to carry its "heavy burden" of demonstrating that the defendant indeed knowingly and intelligently waived his constitutional rights after being Mirandized.

## II.

### THE DEFENDANT'S STATEMENTS WERE OTHERWISE NOT VOLUNTARY AS THAT TERM IS DEFINED FOR PURPOSES OF THE FIFTH AMENDMENT.

In addition to defendant's challenge to his purported knowing and intelligent waiver of his rights, and his assertion that the Government cannot carry its burden of establishing same, the defendant also respectfully submits that his statements were otherwise not voluntary.

In *United States v. Braxton*, 112 F. 3d 777, 780 (4th Cir. 1997), the Court noted that a voluntariness challenge to a "statement turns on whether the statement was voluntary under the Fifth Amendment…" Id.

More specifically, *Braxton, supra* held that, "A statement is involuntary under the Fifth Amendment only if it is 'involuntary' within the meaning of the Due Process Clause;" and further held that:

> The test for determining whether a statement is voluntary under the Due Process Clause "is whether the confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'"

Id.

The defendant intends to establish at a suppression hearing that the combination of certain factors, including his aforementioned mental health conditions, his sleep deprivation, and pressures that he perceived that were brought to bear upon him to produce a statement, particularly in connection with the polygraph process, render his statements involuntary within the meaning of the Fifth Amendment.

### CONCLUSION

For the foregoing reasons, the defendant respectfully submits that he will establish

good cause at a suppression hearing for the suppression of his statements to NCIS on June 7, 2023.

                MICHAEL ANDREW WIDROFF
                By: _____/s/_____
                      Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Kevin Jones
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Victoria Liu, Esquire
Special Assistant U.S. Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone: 757-441-6331
Facsimile: 757-441-6689
E-mail: Victoria.Liu@usdoj.gov

                _____/s/_____
                    Andrew M. Sacks, Esquire